

FILED

AUG 1 3 2013

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CV 13-85-M-DLC |
|---|---|
| Plaintiff, | |
| | FINDINGS OF FACT, CONCLUSIONS OF LAW, DEFAULT JUDGMENT AND ORDER OF FORFEITURE |
| vs. | |
| ONE TAURUS RAGING BULL REVOLVER, | |
| Defendant. | |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

1

FINDINGS OF FACT

1.  On or about January 8, 2008, Paul Joseph Richter was convicted of felony assault with a weapon in the Montana Fifth Judicial District Court, Beaverhead County under Docket No. DC-06-3143.  He was sentenced to the Department of Corrections for a period of five years with three years suspended. (Dkt. #1, para. 4).  The court noted that Richter had "previously entered a plea of guilty to Assault with a Weapon, a Felony." [Dkt. #1 at para. 4 (citing Judgment in DC-06-3143 at p. 1)].  In the judgment the court directed that "[t]he Defendant shall not possess or control any firearms or deadly weapons." *Id.* (citing Judgment in DC-06-3143 at p. 5, para. 20).

2.  On October 22, 2012, a Montana Department of Corrections parole officer conducted a probation search of Richter's residence in Florence, Montana. (Dkt. # 1, para. 7).  During the search the following weapons were seized from a locked bedroom:  the defendant firearm, one Taurus, Model "Raging Bull," .454-caliber revolver, serial number RC634865, a dagger, two pairs of nun chucks, a "billy" club, a sawed-off billiard cue, a machete, and an arrow tipped with a broadhead.  Possession of the defendant firearm and weapons by Richter violated the terms of his probation.  (Dkt. #1, paras. 5 & 7).

3.  The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) took possession of the defendant firearm and now has custody of it.  (Dkt. #1, para. 7). Analysis by an ATF expert revealed that the defendant firearm had moved in interstate or foreign commerce.  (*Id.* at para. 13).

4.  An administrative claim to the defendant firearm dated January 24, 2013, was submitted by Paul Richter and his girlfriend, Kimberly Kirschten, a/k/a Kimberly Jones.  In the administrative claim Kirschten stated that Richter had given the defendant firearm to her, so it belongs to her.  (Dkt. #15, Ex. A at p. 1). She also stated that she placed the firearm in Richter's house after he had been arrested believing it was acceptable since Richter was incarcerated.  (*Id.*).

5.  Upon reviewing the history of the firearm, Kirschten's assertion that the defendant firearm belongs to her and that she placed it in Richter's home after Richter was incarcerated lacks credibility.  In 2002, prior to Richter's felony conviction, Richter reported to the Missoula County Sheriff's Office that the defendant firearm had been stolen.  The firearm was recovered by the sheriff's office approximately 10 years later in July 2012 after Richter saw the stolen firearm on display at Federal Firearms Licensee Traders Brothers Inc. in Lolo, Montana.  On August 14, 2012, the sheriff's office released the firearm to Richter's father, after Richter, who was then a convicted felon, set up the

3

appointment for his father to retrieve the stolen firearm. Within a few hours after his father retrieved the firearm from the sheriff's office, Richter appeared at his father's residence and took the firearm. (Dkt. #1, paras. 8-11). Approximately two months later in October 2012, the firearm was seized from Richter's residence during a search that was conducted by probation. (Dkt. # 1, para. 7).

6. On May 9, 2013, a Warrant of Arrest *in Rem* was issued by the Clerk of District Court. (Dkt. #3). The defendant firearm was arrested, and the return of the Warrant of Arrest was executed by Deputy U.S. Marshal Chris Strommen on May 13, 2013. (Dkt. #7).

7. Examination of the court files and records in this case shows that Paul J. Richter and Kimberly Kirschten, were each sent a copy of the Verified Complaint *in Rem* and Notice of Complaint for Forfeiture on May 9, 2013, by first-class mail and certified mail, which provided them with "direct notice" of this forfeiture action. (Dkt. #6).

8. The first-class and certified mailings were sent to Richter at his place of incarceration, the Missoula Assessment and Sanction Center, 2340 Mullan Road, Missoula, MT 59808. (Dkt. #10, Ex. 1). The certified mailing to Richter was received and signed by Kristi Sangrey on May 13, 2013. (Dkt. #10, Ex. 2). The

4

first-class mailing to Richter was not returned by the U.S. Postal Service; therefore, it is presumed that it was delivered. (Dkt. #10, para. 5).

9. The first-class and certified mailings were sent to Kirschten at last addresses provided by Kirschten to the ATF, which were contained in her administrative claim: 483 Tie Chute Lane, Florence, MT 59833 and 5795 Ellison Lane, Florence, MT 59833. (Dkt. #15, Ex. A at pp. 1 & 5). The two certified mailings to Kirschten were received and signed by James T. McFarland on May 23, 2013. (Dkt. #10, Ex. 4). The two first-class mailing sent to Kirschten were not returned by the U.S. Postal Service; therefore, it is presumed they were delivered. (Dkt. #10, para. 6 & Ex. 3).

10. Notice was also provided to any unknown potential claimants by publishing notice of this forfeiture action on the government's asset forfeiture web site for 30 consecutive days, beginning on May 4, 2013, and ending on June 2, 2013. (Dkt. #8). Under Supplemental Rule G(5)(a)(ii)(B) any unknown person seeking to make a claim must file a claim "no later than 60 days after the first day of publication on an official internet government forfeiture site." A claim would therefore have been due in this case on or before July 3, 2013.

11. After the United States filed two separate motions for entry of default, the Clerk of District Court entered defaults against Paul J. Richter and Kimberly

Kirschten on June 18, 2013 (Dkt. #11), and against any other unknown persons on July 9, 2013 (Dkt. #14).  The United States mailed copies of the default motion and declaration to Richter and Kirschten on June 14, 2013.  (*See* Dkt. #9 and #10, certificates of service).

12.  As of this date no claims, answers, or motions have been filed in this forfeiture action by any person or entity.

13.  The Verified Complaint *in Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial, to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant firearm described in the verified complaint.  The facts contained in the verified complaint support the institution of these forfeiture proceedings for a knowing and willful violation of 18 U.S.C. § 922(g)(1).

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

1.  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.  The United States has filed a Verified Complaint for Forfeiture *in Rem* to forfeit the defendant firearm under 18 U.S.C. § 924(d)(1).

2. Based on the facts set forth in the Verified Complaint *in Rem*, the defendant firearm was involved in violations of 18 U.S.C. § 922(g)(1), which prohibits the possession of a firearm by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

3. Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit property found in this district.

4. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

5. In accordance with 18 U.S.C. § 924(d)(1), the defendant firearm is subject to forfeiture as property involved in violations of 18 U.S.C. § 922(g)(1).

6. Notice of this action was sent by "means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A). Specifically, notice to known potential claimants was sent via first-class and certified U.S. mail to the last addresses that the claimant provided to the ATF in her administrative claim

7

pursuant to Rule G(4)(b)(iii)(E), and to the place incarcerating the claimant from whom the property was seized pursuant to Rule G(4)(b)(iii)(C).  The 2006 Advisory Committee Notes to Supplemental Rule G(4)(b) note that "[i]tems (D) and (E) of subparagraph (iii) authorize the government to rely on an address given by a person who is not incarcerated.  The address may have been given to the agency . . . that seized the property.  The government is not obliged to take independent investigation to verify the address."  Furthermore, notice by publication was provided as set forth in Supplemental Rule G(4)(a)(iv)(C).

7.  Pursuant to Fed. R. Civ. P. 55(b)(2), the United States is entitled to a judgment of default against the defendant firearm and against any claims to the defendant firearm.

8.  The United States is further entitled to an order of forfeiture of the defendant firearm.

Based upon the foregoing findings of fact and conclusions of law,

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1.  The United States is granted a default judgment against the defendant firearm, one Taurus, Model "Raging Bull," .454-caliber revolver, serial number RC634865.

2.  The defendant firearm is hereby forfeited to the United States and shall be disposed of in accordance with law.

DATED this __13th__ day of August, 2013.

_Dana L. Christensen_

Dana L. Christensen
Chief United States District Judge

9